IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILIP W. McCLURE,

        Petitioner,

    v.

JEFF PREMO, Superintendent,
Oregon State Penitentiary,

        Respondent.

Civil No. 6:13-cv-00928-BR

OPINION AND ORDER

       PHILIP W. McCLURE
       SID #5072942
       Oregon State Penitentiary
       2605 State Street
       Salem, OR  97310-0505

          Petitioner *Pro Se*

       ELLEN F. ROSENBLUM
       Attorney General
       SAMUEL A. KUBERNICK
       Assistant Attorney General
       Department of Justice
       1162 Court Street NE
       Salem, OR  97301-4096

          Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 *pro se*.  For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

On June 15, 1979, Petitioner was convicted of Rape in the First Degree and sentenced to 20 years of imprisonment.  Resp. Exh. 101.  On February 14, 1983, while Petitioner was on parole release from the 1979 conviction, a jury convicted him on charges of Rape in the First Degree, Sodomy in the First Degree, Kidnap in the First Degree, and Robbery in the First Degree.  Resp. Exh. 103.  The trial court imposed four consecutive 20-year sentences with four consecutive 10-year minimum terms, all to run consecutive to Petitioner's 1979 sentence.  Resp. Exh. 101.

Following the 1983 conviction, the Oregon Board of Parole and Post-prison Supervision (the "Board") held an initial prison term hearing and overrode the judicially imposed minimum sentences. Resp. Exh. 103, pp. 131-132.  The Board established a matrix range of 240 to 320 months, and set an initial release date in October 2002.  *Id.*  The Board subsequently deferred Petitioner's parole for 24 months each time after hearings conducted in 2002, 2004, 2006, and 2008.  Resp. Exh. 103, pp. 136-138, 141-143, 150-155, and 156-161.  Each time, Petitioner requested administrative

2 - OPINION AND ORDER -

review, but the Board denied relief.     Resp. Exh. pp. 139-140,
147-149, 150-155.    Petitioner also sought federal habeas corpus
relief following each parole deferral, but each time habeas corpus
relief was denied. *See McClure v. Hill*, 2003 WL 23484594 (D. Or.,
Apr. 8, 2004), *adopted by* 2004 WL 1079225 (D. Or., May 11, 2004);
*McClure v. Belleque*, 2012 WL 2192248 (D. Or., Mar. 5, 2012),
*adopted by*  2012 WL 2192238 (D. Or., June 13, 2012); *McClure v.
Premo*, 2012 WL 4601903 (D. Or., May 15, 2012), *adopted by* 2012 WL
4593267 (D. Or., Oct. 1, 2012); *McClure v. Premo*, 2013 WL 3347370
(D. Or., June 28, 2013).

On April 21, 2010, the Board deferred Petitioner's parole
release for an additional 24 months.    Resp. Exh. pp. 234-236.
Petitioner sought administrative review of the Board's order
deferring release, which was denied. Resp. Exh. 103, pp. 243-245.
Petitioner then filed a petition for review with the Oregon Court
of Appeals. Resp. Exh. 102.  The Oregon Court of Appeals affirmed
without opinion, and the Oregon Supreme Court denied review of
that decision.     *McClure v. Board of Parole and Post-Prison
Supervision*, 254 Or. App. 758, 297 P.3d 35, *rev. denied*, 353 Or.
562, 302 P.3d 1182 (2013).

On January 4, 2013, Petitioner filed this Petition for Writ
of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court.
Petitioner's claims are summarized as follows:

3 - OPINION AND ORDER -

**Ground One:**   Petitioner's due process rights were violated when the Board and its psychologist failed to apply an accepted medical standard and proper medical protocol in making findings that Petitioner suffers from a present severe emotional disturbance or personality disorder.

**Ground Two:** The Board violated Petitioner's due process rights by failing to adhere to administrative rules when the Board did not make specific rulings on Petitioner's challenges to evidence.

**Ground Three:**   The Board violated Petitioner's due process rights because they did not afford him the opportunity to cross-examine the psychologist.

**Ground Four:**   The Board violated Petitioner's due process rights by making findings which were not supported by some evidence.

**Ground Five:**   The Board violated Petitioner's due process rights by relying upon the unconstitutionally vague term of "severe emotional disturbance" to defer Petitioner's parole release date.

Respondent argues the Court should deny relief on all of Petitioner's claims because they were denied in a state-court decision that is entitled to deference, and because they lack merit.

## LEGAL STANDARDS

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States" or (2) was

4 - OPINION AND ORDER -

"based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law under the AEDPA if it either fails to apply the correct Supreme Court authority or applies the correct controlling authority to a case involving "materially indistinguishable" facts but reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 405-07, 413 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted).

An unreasonable application of federal law is a different than an incorrect application of federal law. *Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012). "'[T]he question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Id.* at 1146 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Moreover, the state court's findings of fact are presumed correct, and a petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

5 - OPINION AND ORDER -

## DISCUSSION

Petitioner alleges the Board violated his due process rights in the five respects delineated above when the Board decided to defer Petitioner's parole release date for an additional 24 months.

Where state law creates a liberty interest in parole, the Supreme Court has held that "the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures." *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). The procedures required to satisfy due process requirements in the parole context, however, are minimal, and include only an opportunity to be heard and provision of a statement of the reasons why the parole was denied. *Id.* (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). Further, "[b]ecause the only *federal* right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly." *Id.* at 836 (emphasis supplied).

Here, assuming without deciding that Oregon law creates a liberty interest in parole[1], Petitioner received at least the

---

[1]Because Petitioner received the process due under *Swarthout*, the Court need not decide whether Oregon law creates a protected liberty interest in parole release. *See Pedro v. Oregon Parole*

6 - OPINION AND ORDER -

minimal amount of required process: the Board provided Petitioner with a copy of the examining psychologist's written report prior to the parole hearing, Petitioner was allowed to present evidence and argument before and at the hearing, and the Board notified Petitioner in writing of the reasons why his parole release date was deferred.

The Board did not violate Petitioner's rights under the Due Process Clause, and the decision denying his release on parole was not contrary to or an unreasonable application of clearly established federal law. Accordingly, Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 4th day of September, 2014.

_____
ANNA J. BROWN
United States District Judge

_____

Bd., 825 F.2d 1396, 1398 (9th Cir. 1987) (conclusion that inmate received process due under prior Supreme Court decision on parole release relieved court of necessity of addressing existence of liberty interest).

7 - OPINION AND ORDER -